**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOYCE ACKERMAN, et al.,

        Plaintiffs,        :        Case Nos.   3:00-cv-277
                                                                                          3:00-cv-033

                                                                                          District Judge Walter Herbert Rice
        -vs-                                                          Chief Magistrate Judge Michael R. Merz

                                                       :

FORTIS BENEFITS INSURANCE CO.,

        Defendants.

**REPORT AND RECOMMENDATIONS**

These cases are before the Court on "Plaintiffs' Legal Memoranda - Show Cause - Response/Notifications" (Doc. No. 59 in 3:04-cv-033). On December 5, 2007, the Court ordered the Plaintiffs to appear on December 12, 2007, to show cause why they should not be sanction under Fed. R. Civ. P. 11 for filing "Plaintiffs' Legal Memoranda Extraordinary Writ/Motion for New Trial" (Doc. No. 57 in 3:04-cv-033). Because of medical necessity, the Plaintiffs were unable to appear in person and filed this written response to the Order to Show Cause instead.

In the Order to Show Cause, the Court noted

> On June 29, 2007, the Court granted in part Defendants' Motion to Prevent Further Filings, advising Plaintiffs that the judgments in these cases were final, that the time for any motions for relief from the judgments had long since expired, that these cases are closed, and that any future filings would be scrutinized by the Court to determine if they violated Fed. R. Civ. P. 11.
>
> In both of these cases, the Court issued an Order to Show Cause on July 6, 2007, ordering Plaintiffs to appear and show cause why they should not be sanctioned under Fed. R. Civ. P. 11 for filing, in apparent defiance of the June 29th Order, "Plaintiff(s) Objection to the Court's Prejudice Per Notation Order Findings as 'Moot'" (Doc. No. 102) and "Court Err Motion to Reverse Court Orders" (Doc. No. 103), both filed July 5, 2007. The Court advised Plaintiffs "[w]hen a litigant has been repeatedly informed that his or her case is finally dismissed and that litigant persists in filing papers which raise again arguments which have been finally rejected, the Court can only conclude that the litigant's purpose is harassment."

In addition to these written notices, both Plaintiffs appeared in open court on July 18, 2007, where

1

the Court explained why they could not file any additional papers and made itself available to answer any questions. They were very explicitly warned that any further filings would result in sanctions.

Despite this careful attention from the Court, Plaintiffs filed their "Plaintiff(s) Legal Memoranda - Extraordinary Writ/Motion for New Trial" which essentially asks this Court to order the Supreme Court of the United States to grant the rehearing (on denial of certiorari) which that Court had just denied. As noted in the Second Order to Show Cause "the most elementary of grade school civics classes should have taught them that trial courts cannot order supreme courts to do anything." (Doc. No. 58 at 2)

With that observation made, the Court ordered Plaintiffs to show cause why they should not be sanctioned for their "Extraordinary Writ" filing. They have failed to do so.

Plaintiffs claim that "[w]e are not hear [sic] to harass this District Court, but only to fight for our Constitutionality of a Jury Trial as American Citizens." (Doc. No. 59 at 1). Plaintiffs proceed to reargue the same points they have made repeatedly over what they admit are seven years of litigation. Each of their arguments has been responded to by Defendants, decided by this Court, then affirmed by the Sixth Circuit Court of Appeals. There is nothing new in this filing except, perhaps, the extraordinary idea that a district court can use 28 U.S.C. § 1651, the All Writs Act, to order the Supreme Court of the United States to hear a case that Court has decided it will not hear.

The files of United States District Courts are not bulletin boards on which citizens, even citizens who have been litigants, are free to post their protests. Plaintiffs seems to believe that as long as their intentions are honorable[1], it doesn't matter how many times they have been told no. That is not so and this Court is not without measures to protect itself from frivolous filings. Having repeatedly decided the questions of law presented by Plaintiffs and repeatedly and patiently explained to them why these cases are finally over, the Court must now act decisively to stop these frivolous filings.

As a formal matter, the Court concludes that the legal contentions made in the "Plaintiff(s) Legal Memoranda - Extraordinary Writ/Motion for New Trial" are frivolous within the meaning of Fed. R. Civ. P. 11(b)(2). Rule 11(c)(3) requires that a sanction be limited to "what suffices to deter repetition of the

---

[1] And who could argue with the honor of upholding constitutional rights?

2

conduct. . ." Since patient explanation has not sufficed, it is respectfully recommended that the Court impose a penalty of $1,000 upon the Plaintiffs, jointly and severally, to deter repetition of this conduct. If monetary sanctions prove insufficient to deter future repetitions, the Court should consider invoking its power to jail for contempt of court, since the Plaintiffs are in defiance of an Order of this Court in which they were specifically warned it would use its contempt powers if necessary (Doc. No. 52).

December 13, 2007.

> s/ **Michael R. Merz**
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).