**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOYCE ACKERMAN, et al.,

       Plaintiffs,         :       Case Nos.   3:00-cv-277
                                                                            3:04-cv-033

                                                          District Judge Walter Herbert Rice
       -vs-                                        Chief Magistrate Judge Michael R. Merz
                                           :

FORTIS BENEFITS INSURANCE CO.,

       Defendants.

**ORDER STRIKING OBJECTIONS; SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

On December 13, 2007, the Magistrate Judge filed a Report and Recommendations recommending the Court impose a penalty on Plaintiffs, jointly and severally, for their violations of Fed. R. Civ. P. 11in filing "Plaintiffs' Legal Memoranda Extraordinary Writ/Motion for New Trial" (Doc. No. 57 in 3:04-cv-033). As required by Sixth Circuit law, Plaintiffs were notified that any objections were required to be filed within thirteen days, intervening Saturdays, Sundays, and legal holidays being excepted. (The text of the notice was the standard text used in this Court and is appended to this document.) The thirteenth day following December 13 was January 3 (December 15, 16, 22, 23, 25, 29, and 30, 2007, and January 1, 2008, being excepted from the calculation pursuant to Fed. R. Civ. P. 6.) Plaintiffs' "Notice Regarding Objections/Precedence" (Doc. No. 115 in 3:04-cv-277) and "Amended Notice Regarding Objections/Precedence" (Doc. No. 116) were not filed until January 7, 2008. They are accordingly untimely and are ordered stricken.

In the alternative, the Magistrate Judge offers the following analysis of the Objections/Precedence. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Plaintiffs' Legal Memoranda which are recommended to be sanctioned essentially asked this Court to order the Supreme Court of the United States to grant Plaintiffs a hearing which the Supreme Court had

just denied.  To show that they were not frivolous filings, Plaintiffs merely repeated again arguments which this Court and the Court of Appeals have repeatedly rejected in this very litigation over the course of the last seven years.  The Magistrate Judge concluded that, however much good faith in their cause Plaintiffs might have, their repeated frivolous assertions of rejected arguments required a substantial sanction to deter the conduct.

Instead of offering any argument as to why the Magistrate Judge's analysis was incorrect under Fed. R. Civ. P. 11, Plaintiffs have proceeded in their Objections to reiterate again the arguments previously made. For example, they chide this Court for not conducting a settlement conference in the case.  Of course, no court is obliged to conduct or order a settlement conference and the fact that this Court did not do so before judgment (and later judgment denying relief from judgment) is not a good reason to avoid sanctions for asking this Court to order the United States Supreme Court to do something.  Nor is it a defense to a frivolous filing that the Plaintiffs have "never received a response from the District Court or the U.S. Attorney General" regarding Plaintiffs' request for a criminal investigation of Defendants.

Plaintiffs claim there is nothing frivolous with their having filed letters from the White House. Courtesy letters from the White House acknowledging correspondence (Exhibit F) are not even relevant to the question whether asking this Court to overrule the Supreme Court is frivolous.

The fact that Plaintiffs have used their objection opportunity to reiterate again the arguments that have been rejected repeatedly, here and in the Court of Appeals, demonstrates again the need for a strong deterrent penalty.  The Magistrate Judge again recommends the Plaintiffs be fined $1,000, jointly and severally, for their violation of Fed. R. Civ. P. 11.

January 8, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to

thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).